Wright, J.,
delivered the opinion of the Court.
The Chancellor, in this case, sustained the demurrer, and dismissed the bill. We do not concur in this decree. Among other grounds of equitable relief, the bill states that the defendant is justly indebted to complainant for one-half of a judgment in the Circuit Court of White county, against him and defendant and one Gr. W. Carter, in favor of the State of Tennessee, for one hundred and thirty, or one hundred and fifty dollars; that complainant and defendant were the joint securities of said Carter, and, as such, were sued, and complainant has paid the same, and defendant is liable to him for contribution for one-half of the same.
*360 This makes a proper case for relief in equity. No jurisdiction is better established than that of contribution between sureties, who are bound for the same principal, and, upon his default, one of them is compelled to pay the money, or perform any other obligation, for which they all become bound. In cases of this sort, the surety who has paid the whole is entitled to receive contribution from all the others for what he has done in relieving them from a common burthen. 1 Story’s Eq., sec. 492. And the jurisdiction now assumed in Courts of Law upon this subject, as well by the ordinary action as by motion, in no manner affects that originally and intrinsically belonging to equity. 1 Story’s Eq., § 64, i, 496; House v. Cocke, 1 Ten., 296.
The Chancery Court then having jurisdiction as to this particular transaction — if there were other matters in the bill not cognizable in a Court of Equity, or as to which the complainant was not entitled to relief — the defendant should have confined his demurrer to these, and not', as he did, have taken a demurrer to the entire bill. By so doing the demurrer lost its effect entirely, and the defendant became bound to answer fully as to all the matters of the bill.
This view of the case makes it unnecessary to examine the questions arising upon the other portions of the bill asserting equity jurisdiction under the head of account and discovery.
The decree of the Chancellor will be reversed, and the cause remanded for an answer.